IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENJAMIN COLUCCI, and<br>DEANNA COLUCCI,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF DEL CITY POLICE DEPARTMENT,<br>CITY OF DEL CITY,<br>POLICE CHIEF STEVE ROBINSON,<br>MAJOR TED KLEBER,<br>OFFICER MIKE GRAY,<br>THOMAS LEATHERBEE,<br>THERESA TOUCHET,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-21-363-JD<br>)<br>)<br>)<br>)<br>)<br>)<br>)  |

## COMPLAINT

This action arises from an unlawful search and seizure conducted by the Defendants in violation of Plaintiff's constitutional rights. In support thereof, Plaintiffs submit the following:

### JURISDICTION AND VENUE

1. The acts and omissions which are the subject of this action occurred in the Western District of Oklahoma.

2. Plaintiffs, Benjamin Colucci and Deanna Colucci, are citizens of the United States of America and residents of Blanchard, Grady County, State of Oklahoma, and at the time of the incident giving rise to this complaint, were both residents of the City of Del City, County of Oklahoma, State of Oklahoma.

3. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States (U.S. Const. Amend. IV, U.S. Const. Amend. VI, U.S. Const. Amend. XIV), and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code Annotated, § 1983 (42 U.S.C.A. § 1983).

4. This court has jurisdiction of this cause under Title 28 of the United States Code Annotated, Section 1343 (28 U.S.C.A. § 1343), which provides for original jurisdiction of this Court under 42 U.S.C.A. § 1983 to redress the deprivation under the color of state law, statute, ordinance, regulation, custom, or usage of any right, privilege or immunity secured by Constitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

5. Defendant, City of Del City, is a municipal corporation organized and existing under the laws of the State of Oklahoma. Defendants, Police Chief Steve Robinson, Police Major Ted Kleber, Police Lieutenant Mike Gray, Animal Control Officer Theresa Touchet are police officers of defendant city and at all times mentioned in this complaint were acting under color of law and color of their authority as police officers of defendant city. Defendant, Thomas Leatherbee is an agent of the defendant city and at all times mentioned in this complaint was acting under color of law and color of their authority as agent of defendant city. Venue is proper under 28 U.S.C.A. § 1331.

6. Each of the acts of Defendants alleged in this complaint were done by Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Oklahoma, the City of Del City, and the County of Oklahoma, and under the authority of their office as police officers for such city and county.

## STATEMENT OF FACTS

7. On April 18, 2019 at approximately 7:30 a.m. Defendant Theresa Touchet arrived at the premises located at 4105 Lawn Drive, City of Del City, Oklahoma County looking for a stolen dog. Defendant Touchet asked for Plaintiffs' consent to enter the premises and were denied.

8. Touchet requested the assistance of two other police officers and again demanded entrance into the residence. Plaintiffs inquired as to whether or not the officers had obtained a search warrant, and upon learning that the officers had not, again the Plaintiffs denied entry.

9. Touchet issues Plaintiff Deana Colucci ten (10) citations (#198682 - 198691) for violation of City Code No Rabies Vaccine 848-4-41 without allowing the Plaintiffs to retrieve documentation.  This is for animals, including puppies that were too young to vaccinate, that were inside the property at the time.

10. Later the same day several officers, including Defendant Touchet and Defendant Gray returned to the residence. Neither Plaintiff was home, however their minor child was. Defendants contacted Plaintiff Deanna Colucci by telephone, who once again told them they could not enter her residence without a warrant. Plaintiff

Benjamin Colucci returned to the premises, and again denied the officers entrance into the home.

11. Defendants, without any warrant or probable cause, handcuffed Plaintiff Benjamin Colucci and placed him in the back of a police vehicle. Plaintiff remained in the police vehicle for several hours. This seizure and search was conducted in an abusive manner, during the course of which Defendants pulled, shoved, cuffed, and verbally assaulted and abused Plaintiff with the intent of threatening and intimidating Plaintiff.

12. Defendant Deana Colucci returned to the premises and was threatened by Lt. Mike Gray that if she did not allow a search of the home, they would arrest her as well, have her children put in Oklahoma Department of Human Services custody, and condemn the house. This is all before any defendant or defendant city's employees had entered the home. Plaintiff Deana Colucci continued to refuse permission.

13. Officers at the premises, led by Lt. Gray, were advised by Defendant Ted Kleber, a Major with the Del City Police Department, that they did not need a warrant to enter and search the property.

14. Defendants proceeded to enter the home, with neither warrant nor consent, where they illegally searched the home.

15. Without citing a single code violation, and without an actual housing inspector on the premises, the Del City Director of Community Services Defendant Thomas Leatherbee declared the home condemned and ordered the Plaintiffs to vacate the premises immediately.

16. After Defendant Benjamin Colucci filed an appeal of the condemnation of the home, three (3) citations were issued to him. Complaint numbers 14978, 14979, and 14980 were written on May 1, 2019.

17. Upon re-inspection of the home, no code violations resulting in the home being uninhabitable were identified.

18. All citations referenced above were dismissed by the defendant city on October 2, 2019.

### COUNT I

### Unlawful Search and Seizure

19. By reason of the illegal arrest of the Plaintiff, Benjamin Colucci, and the illegal search of Plaintiffs' residence, Plaintiffs were subject to municipal criminal proceedings and condemnation proceedings, which were all ultimately dismissed.

20. The seizure, search and arrest of Plaintiff Ben Colucci was unlawful and without probable cause; thus was a violation of his rights.

21. The search of the Colucci home without a warrant was unlawful and without justifiable cause; thus was a violation of Plaintiffs' rights.

22. Plaintiffs incurred reasonable attorney's fees in connection with the criminal and condemnation proceedings.

23. By reason of the conduct of Defendants, including Plaintiff Benjamin Colucci's unlawful arrest and imprisonment and the subsequent criminal and condemnation proceedings derived from said conduct, Plaintiffs were not allowed to reenter their

home and were forced to reside with their children in a hotel or with family for approximately eight (8) weeks. Further, Plaintiffs suffered extreme emotional distress and feelings of insecurity in their hometown and permanently relocated their residence to another city following the incident.

24. The conduct of Defendants deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:

    a. The right of Plaintiffs to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (U.S. Const. Amend. IV, U.S. Const. Amend. XIV).

    b. The right of Plaintiffs to be informed of the nature and cause of the accusation against them secured to them under the Sixth and Fourteenth Amendments to the Constitution of the United States (U.S. Const. Amend. VI, U.S. Const. Amend. XIV); and

    c. The right of Plaintiffs not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States (U.S. Const. Amend. XIV).

25. The acts of Defendants were performed knowingly, intentionally, and maliciously, by reason of which Plaintiffs are entitled to an award of real damages and punitive damages in excess of $100,000.00.

## COUNT II

### Malicious Prosecution

26. Plaintiffs incorporate and restate the foregoing paragraphs.

27. The conduct of the Defendants constitutes malicious prosecution.

28. The acts of Defendants were performed knowingly, intentionally, and maliciously, by reason of which Plaintiffs are entitled to an award of real damages and punitive damages in excess of $100,000.00.

## COUNT III

### Negligent Hiring and Retention

29. Plaintiffs incorporate and restate the foregoing paragraphs.

30. The Defendant City of Del City is liable to Plaintiffs because of its intentional, deliberately indifferent, careless, reckless, and or negligent failure to adequately hire, train, supervise, retain and discipline its agents and or employees employed by the City of Del City, including Defendants Ted Kleber, Mike Gray, Thomas Leatherbee, and Theresa Touchet with regard to the duties described above.

31. As a direct and proximate result of the misconduct by Defendants, Plaintiffs have sustained substantial compensable losses, including deprivation of Due Process, unlawful arrest, economic losses, attorney fees and has suffered embarrassment, humiliation, physical pain, severe mental and emotional distress and discomfort,

32. The acts of Defendants were performed knowingly, intentionally, and maliciously, by reason of which Plaintiffs are entitled to an award of real damages and punitive damages in excess of $100,000.00.

WHEREFORE, Plaintiffs request judgment for general, special, and punitive damages, in a sum that this court may deem just and reasonable in the premises, for costs of suit and attorney's fees, for a Jury Trial and for such other relief as to the court may deem just and equitable.

    Respectfully submitted,

    s/ Beau D. Phillips

    _____
    Beau D. Phillips OBA # 21997
    Attorney for Plaintiffs
    2525 N.W. Expressway Suite 220
    Oklahoma City, OK  73112
    405-626-7351
    BP.Legal@yahoo.com